IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


FRAN L. SMITH,
    Petitioner,

vs.                                                Case No. 3:07cv180/RV/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Now pending is Respondent's motion to dismiss (Doc. 11) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d).  Petitioner responded in opposition to the motion (Doc. 14).

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

        The procedural background of this case is established by the state court record (Doc. 11, Exhibits).  On October 13, 1994, an information was filed in the Escambia County Circuit Court charging Petitioner with two counts of aggravated battery (Counts One and Two), one count of burglary of a dwelling with assault or battery (Count Three), and one count of retaliation against a victim or witness (Count Four) (*id*., Ex. A at 1–2).  The offenses were allegedly committed on September 14, 1994 (*id.*).  On March 16, 1995, Petitioner entered a "straight up" plea to the charges (Doc. 11, Ex. BB at 2–3, docket entries 45–52, *see also* Doc. 11, Ex. A at 35).  On April 18, 1995, the trial court adjudicated Petitioner guilty and sentenced him as an habitual violent felony offender ("HVFO") to four concurrent 30-year prison terms with a 10-year mandatory minimum, pursuant to Florida Statutes Section 775.084(4)(b) (Doc. 11, Ex. A at 15–39).  On May 12, 1995, Petitioner signed and filed a motion to modify sentence in the trial court (*id*. at 40–41).  Following a hearing,

the trial court denied the motion to modify sentence on July 5, 1995 (Doc. 11, Ex. BB at 3, docket entries 68–73).

On July 12, 1995, Petitioner signed and subsequently filed an untimely notice of appeal to the Florida First District Court of Appeal (First DCA) (Doc. 11, Ex. A at 42–43). On September 8, 1995, the First DCA issued an order dismissing Petitioner's direct appeal for lack of jurisdiction (Doc. 11, Ex. B).

On September 27, 1995, Petitioner filed a motion for postconviction relief in the trial court pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (*see* Doc. 11, Ex. C at 2, 9; Ex. BB at 4, docket entry 88). On October 16, 1995, Petitioner filed a motion to dismiss his rule 3.850 motion (*see* Ex. C at 9; Ex. BB at 4, docket entries 89–90). On October 19, 1995, the trial court granted Petitioner's motion to dismiss his Rule 3.850 motion (*see* Ex. BB at 4, docket entries 92–94). While his first Rule 3.850 motion was pending, Petitioner filed a second Rule 3.850 motion (*see* Ex. C at 1–18). On November 29, 1995, the trial court issued an order summarily denying Petitioner's second Rule 3.850 motion (*id*. at 23–27). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curiam on August 5, 1996, with the mandate issuing August 21, 1996 (Doc. 11, Exs. D, E). Smith v. State, 677 So. 2d 960 (Fla. 1st DCA 1996).

On December 3, 1997, Petitioner filed a Motion to Correct Illegal Sentence in the trial court pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 11, Ex. F at 1–21). On January 29, 1998, the trial court issued an order summarily denying Petitioner's Rule 3.800(a) motion (*id*. at 24–51). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curium without written opinion on July 17, 1998, with the mandate issuing August 12, 1998 (Doc. 11, Exs. G, H). Smith v. State, 718 So. 2d 1239 (Fla. 1st DCA July 17, 1998) (Table).

On April 8, 1998, Petitioner filed a petition in the First DCA seeking a belated direct appeal (Doc. 11, Ex. I). On January 24, 2000, the First DCA denied the petition per curium without written opinion (*id*., Ex. J). Smith v. State, 754 So. 2d 31 (Fla. 1st DCA Jan. 24, 2000) (Table). The First DCA issued an order denying Petitioner's motion for rehearing on March 6, 2000 (Doc. 11, Ex. K).

On October 10, 2000, Petitioner filed in the trial court a Motion to Correct Illegal Sentence and to Vacate Judgment and Sentence, pursuant to Rules 3.800(a) and 3.850 (Doc. 11, Ex. L at 1–56). On November 6, 2000, the trial court issued an order summarily denying Petitioner's motion (*id*. at 57–121). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curiam without written opinion on May 4, 2001, with the mandate issuing May 30, 2001 (Doc. 11, Exs. M, N). Smith v. State, 787 So. 2d 858 (Fla. 1st DCA May 4, 2001) (Table).

On August 8, 2002, Petitioner filed a letter in the trial court, which the court treated as a motion for modification of sentence pursuant to Rule 3.800(c) of the Florida Rules of Criminal

Procedure (Doc. 11, Exs. O, P). On October 10, 2002, the trial court rendered an order summarily denying the motion (*id.*, Ex. P).

On May 27, 2003, Petitioner filed a motion entitled "Motion to Vacate Order, Judgment Entered by Reason of Mistake, Inadvertence Denying Motion for Post- Conviction Relief" (Doc. 11, Ex. Q at 1–25). On August 11, 2003, the trial court entered an order summarily denying the motion (*id*. at 26–27). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curium without written opinion on December 24, 2003, with the mandate issuing July 21, 2004 (Doc. 11, Exs. R, S). Smith v. State, 864 So. 2d 406 (Fla. 1st DCA Dec. 24, 2003) (Table).

On January 10, 2006, Petitioner filed another Rule 3.850 motion (Doc. 11, Ex. T at 1–29). On March 30, 2006, the trial court issued an order dismissing Petitioner's Rule 3.850 motion with prejudice as untimely (*id*. at 30–42). Petitioner appealed the decision to the First DCA, but the appellate court affirmed per curium without written opinion on November 1, 2006, with the mandate issuing February 8, 2007 (Doc. 11, Exs. V, Y). Smith v. State, 946 So. 2d 1074 (Fla. 1st DCA Nov. 1, 2006) (Table).

On January 10, 2007, Petitioner signed and then filed another Rule 3.800(a) motion in the trial court (Doc. 11, Ex. Z). On April 11, 2007, the trial court rendered an order dismissing Petitioner's Rule 3.800(a) motion (*id.*, Ex. AA).

On April 24, 2007, Petitioner filed the instant federal habeas petition (Doc. 1 at 6).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Petitioner has not asserted that a government-created impediment to his filing existed, or that any of his claims are based on a right newly recognized by the Supreme Court; however, he claims that the factual predicate for his claim could not have been discovered prior to May 25, 2005 (Doc. 1, supporting memorandum at 3; Doc. 14). Petitioner's sole claim in this habeas action is that his plea was involuntary because his counsel misadvised him that he would receive 25 days per month of gain time after he served the mandatory minimum portion of his sentence (Doc. 1, supporting memorandum at 4; Doc. 14 at 1–2). Petitioner states that on May 25, 2005, he was informed by his classification officer that he would receive only 20 days per month of gain time (*id.*). Petitioner alleges that if his counsel had correctly informed him of the amount of gain time he would receive, he would not have pleaded guilty and would have exercised his right to go to trial (Doc. 1, supporting memorandum at 3). Petitioner states he raised this claim in his second Rule 3.850 motion, which the trial court dismissed as untimely (*see* Doc. 1 at 4, supporting memorandum 3).

Respondent argues that by October 18, 1996, Petitioner should have been aware of the fact that he would not receive 25 days of gain time on each of his concurrent sentences because on that date Petitioner received a response to the following inmate request he filed on October 15, 1996:

> I sent out some visitation slips and the party that I sent them to said that they took them to the police station and had them cleared but I havn't [sic] heard anything back **and I would like to know about my gain time I'm getting 25 days and 20 days I would like to know why I'm getting 25 and 20s** and do I have a fix [sic] date.

(*see* Doc. 11 at 8; Ex. T at 28) (emphasis added). The prison official who responded on October 18, 1996, to Petitioner's inmate request stated that the reason his "gain time slip" showed two different rates of gain time was that two different statutes applied to the crimes for which he was sentenced (*id.*). Petitioner was further advised that he would not be eligible for gain time until he completed his mandatory minimum sentence (*id.*). On April 20, 2005, upon Petitioner's completion of the mandatory minimum portion of his sentence, Petitioner filed another inmate request inquiring about the amount of gain time to which he was entitled (*id.* at 29). On May 2, 2005, a prison official responded as follows:

> After researching your request, review reveals that your controlling sentence is a severity guideline Level 08. Levels 1–7 receive 22[–]25 days per month. Levels 8–10 receive 16[–]20 days. You are only eligible for the 20 days.

(*id.*). Upon review of the record, the undersigned concludes that the fact that Petitioner was not eligible for 25 days per month of gain time on each of his concurrent sentences was or could have been discovered by Petitioner by October 18, 1996. Therefore, if § 2244(d)(1)(D) is used as the trigger for the one-year limitations period, the limitations period would have expired on October 18, 1997.

The next issue is whether October 18, 1996 is later than the date Petitioner's conviction became final. It is now well established that when a Florida defendant does not directly appeal his conviction, the conviction becomes final thirty (30) days after rendition of the order of judgment of conviction and sentence. *See* Fla. R. App. P. 9.110(b); <u>Gust v. State</u>, 535 So. 2d 642 (Fla. 1st DCA 1988 (if defendant does not appeal conviction or sentence, judgement of conviction and sentence become final when 30-day period for filing appeal expires). In the instant case, the Escambia Circuit Court rendered its judgment on April 18, 1995 (Doc. 11, Ex. A at 35, Ex. BB at 3, docket entry 64). *See* Fla. R. App. P. 9.020(h) (order is "rendered" when signed, written order is filed with clerk of lower tribunal). Therefore, Petitioner's conviction became final on May 18, 1995. In cases where habeas petitioners' convictions became final prior to April 23, 1996, the effective date of the AEDPA, those petitioners were given a one-year grace period, or until April 23, 1997, to file their federal habeas petitions. *See* <u>Wilcox v. Florida Dep't of Corrections</u>, 158 F.3d 1209, 1210 (11th Cir. 1998). Because the trigger date for the limitations period is later under § 2244(d)(1)(D) than § 2244(d)(1)(A); the undersigned concludes that § 2244(d)(1)(D) applies in determining when the limitations period began to run. Under this statutory trigger, the limitations period began to run on October 18, 1996, the date by which Petitioner could have discovered that he was not eligible for 25 days per month of gain time on each of his sentences. Accordingly, Petitioner had one year from that date, or until October 18, 1997, to file his federal petition.

Even though Petitioner did not file his federal petition on or before October 18, 1997, he may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that there were no post-conviction applications pending in the state courts from October 18, 1996 to October 18, 1997. Petitioner filed a motion to correct illegal sentence on December 3, 1997, however, the one-year limitations period had already expired forty-five (45) days earlier on October 18, 1997. Because that motion and Petitioner's subsequent post-conviction applications were filed after the federal limitations period expired, they did not toll the limitations period. *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner does not allege grounds for equitable tolling, or that any other exception to the time bar applies; therefore, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (Doc. 11) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 24th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**